and meaning of the warehouse acts that the government should receive the same duties on goods abandoned and sold to satisfy duties that it would have received if the same goods had been withdrawn for consumption.

## Case No. 16,596.

### UNITED STATES v. UNION NAT. BANK.

[Affirming U. S. v. Union Nat. Bank, Case No. 16,597. Nowhere reported; opinion not now accessible.]

## Case No. 16,597.

### UNITED STATES v. UNION NAT. BANK.

[10 Ben. 408.] [1]

District Court, S. D. New York. April, 1879.[2]

MONEY PAID UNDER MISTAKE OF FACT—LACHES—UNITED STATES AS PLAINTIFF.

1. A party entitled to recover money, paid under a mistake of fact, is bound to give prompt notice of the discovery of the mistake to the party to whom the money was paid.

2. Where the party to whom money is so paid, sustains damage in the loss of his remedy over against another party, through the negligence of the party to whom he is liable in failing to give notice of the discovery of the mistake, he is thereby discharged from liability.

[Cited in U. S. v. National Park Bank of New York, 6 Fed. 854.]

3. The action being equitable, the United States suing as plaintiff in such action is bound by the same equitable rules as any other plaintiff in such an action and cannot recover, if through its failure to give notice of the discovery of the mistake the defendant has lost his remedy over.

4. In such an action by the United States, where it appeared that the assistant treasurer at New York gave notice of the discovery of the mistake, and demanded payment, but afterwards withdrew the notice and demand, *held*, that assuming that he was the proper officer to give such notice he was the proper person to withdraw it, and the defendant having relied on such withdrawal and thereby lost his remedy over was discharged from liability.

S. Tenney, Asst. U. S. Dist. Atty.
Geo. De Forest Lord, for defendant.

CHOATE, District Judge. This is a motion for a new trial for error of law in directing a verdict for the defendant. It was not attempted on the argument to sustain the action, except as an action for money paid under a mistake of fact. Assuming that all the elements of such a cause of action once existed. a question which it is unnecessary now to examine, yet I see no reason why the United States should be exempted from the general rule applicable to any other party who is entitled to maintain such an action, that they shall not, by their delay after the discovery of the mistake, lead the party liable to them

into further loss, as, for instance, the loss of a remedy over against another party. This is an equitable action and the plaintiff can only recover on showing that it is equitably entitled to the money. The duty of promptly notifying the defendant on discovery of the mistake, is conceded by the plaintiff's counsel; but it is claimed that the notice from the subtreasurer was a performance of this duty. The discovery by the United States of the alleged mistake before that notice was given cannot, I think, be denied. Assuming that the sub-treasurer was the proper person to give the notice, and demand payment of the defendant, he was also the proper party to withdraw that notice, and I think it is clear that what took place after the notice was given, was equivalent to a withdrawal of the notice, on which the bank had a right to rely, and did rely, until it lost all remedy over against Polhemus and Jackson; and after that, only, was the claim renewed by commencement of this action. I think this is a claim in respect to which laches may be imputed to the United States, and that on the ground of laches and entire want of equity in the claim on the undisputed facts, the direction of a verdict for the defendant was right. See U. S. v. Cooke [Case No. 14,855].

Motion denied.

[The judgment was affirmed in the circuit court upon a writ of error. Case unreported.]

## Case No. 16,598.

### UNITED STATES v. UNION PAC. R. CO. et al.

[11 Blatchf. 385; [1] 8 Am. Law Rev. 356.]

Circuit Court, D. Connecticut. Nov. 27, 1873.[2]

UNION PACIFIC RAILROAD COMPANY — SUITS BY UNITED STATES — ACT MARCH 3, 1873—CONSTITUTIONAL LAW — LAND GRANTS — RIGHTS OF SHAREHOLDERS.

1. The provisions of the 4th section of the act of March 3, 1873 (17 Stat. 509), directing a suit in equity to be instituted, in the name of the United States, against the Union Pacific Railroad Company and others, create different rules for the conduct of that suit from those by which ordinary suits are governed. Among such differences are the following: (1) Said suit may be brought in any circuit court of the United States, and all the parties may be made defendants in one suit. (2) Decrees in said suit may be entered and enforced against any one or more parties, without awaiting a final determination as to other parties. (3) The writs of subpoena issued against the defendants therein may run into any district of the United States, and be served by the marshal upon persons not residents of the district in which the suit is brought. and not found therein. (4) Such writs may be served upon representatives of deceased parties who are not residents of the district in which the suit is commenced, and whose testators were not such residents.

2. The powers and authorities given by the said act to the attorney-general are exceptional, and are limited, in their exercise, to the cases

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed by circuit court; case unreported.]

[1] [Reported by Hon. Samuel Blatchford. District Judge. and here reprinted by permission.]

[2] [Affirmed in 98 U. S. 569.]